**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

KHULANGOO RIZAJ,

                         Plaintiff,

               -against-

NEW YORK GENOME CENTER, INC.,

                        Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/24/2026

**26-CV-3215 (VSB) (KHP)**

**OPINION AND ORDER**
**ON**
**MOTION TO WITHDRAW**

Before the Court is a motion by Susan Ghim, counsel of record for Plaintiff Khulangoo Rizaj ("Plaintiff"), to withdraw as counsel. (ECF No. 16) For the reasons stated below, the motion is GRANTED.

Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S.& E.D.N.Y.R. 1.4.

The decision to grant or deny a motion to withdraw is within the district court's discretion. In making the determination, the Court should consider (i) the reasons for withdrawal, and (ii) the impact of the withdrawal on the timing of the proceeding. *Karimian v.Time Equities, Inc.,* No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11,2011) (citing S. & E.D.N.Y.R. 1.4). I consider both factors below, and also address the motion's compliance with Local Civil Rule 1.4.

**1. Reasons for Withdrawal**

Susan Ghim declares that she is moving to withdraw because she has left employment with the Nisar Law Group (the "Firm"), and that another attorney from the Firm, Maria J. Cedeno Cassinelli, has already noticed appearance and will remain counsel for Plaintiff on this matter.  Neither Plaintiff nor Defendant have filed an opposition to the motion to withdraw and Plaintiff has consented to accept service of the motion by email.

**2. Impact of Withdrawal on the Case**

This case is still in its nascent phase.  The Initial Conference is scheduled for July 18, 2026, discovery has not yet begun, and no dispositive motions have been filed.  On the date the motion was filed, the case was ordered to mediation.  (ECF No. 15)  As such, Plaintiff will suffer no prejudice from withdrawal especially when considering Plaintiff will continue to be represented by an attorney from the Firm.

**3. Compliance with Local Rule 1.4**

In addition to the instant motion, Susan Ghim has filed a declaration that substantially complies with the requirements of Local Rule 1.4. (ECF No. 16-1) The Court notes that "while a motion to withdraw is required whenever an attorney seeks to be relieved, an affidavit is unnecessary if. . . another attorney from the same firm, agency, or organization has already entered a notice of appearance on behalf of the client and will remain in the case." S.& E.D.N.Y.R. 1.4(b).  The exception applies here.

2

**The Clerk of the Court is respectfully directed to terminate Susan Ghim as counsel of record. The Clerk of Court is also respectfully directed to terminate the motion at ECF No. 16.**

**SO ORDERED.**

DATED:   New York, New York
         June 24, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge